**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00820-NYW

JAVIER A. CARVAJAL-SERNA,

      Petitioner,

v.

JUAN BALTASAR, in his official capacity,
ROBERT HAGAN, in his official capacity,
KRISTI NOEM, in her official capacity,
TODD LYONS, in his official capacity, and
PAMELA BONDI, in her official capacity,

      Respondents.

_____

### MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1]. Respondents filed a consolidated response in opposition, [Doc. 7], and Petitioner has replied, [Doc. 8]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

### BACKGROUND

Petitioner Javier A. Carvajal-Serna ("Petitioner" or "Mr. Carvajal-Serna") is a citizen of Mexico who has been present in the United States since 2004. [Doc. 1 at ¶ 22]. He was taken into custody by United States Immigration and Customs Enforcement ("ICE") on January 24, 2026 and is currently detained at the ICE Denver Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶¶ 1, 6, 14, 22]. He has not been given a bond hearing. [*Id.* at ¶¶ 22, 61].

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *See* [Doc.

7 at 1–2]. Petitioner disputes the Government's interpretation of § 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at ¶¶ 11, 48–50, 60–61].

In the Petition, Mr. Carvajal-Serna brings five claims challenging the lawfulness of Respondents' decision to detain him without a bond hearing. He asserts that Respondents' erroneous application of § 1225(b) and § 1226(a) violates (1) the order granting partial summary judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Count One"), [*id.* at ¶¶ 53–58]; (2) the Immigration and Nationality Act ("INA"), 8 U.S.C § 1226(a) ("Count Two"), [*id.* at ¶¶ 59–61]; (3) the INA bond regulations (8 C.F.R. §§ 236.1, 1236.1, and 1003.19) ("Count Three"), [*id.* at ¶¶ 62–66]; (4) the Administrative Procedures Act ("Count Four"), [*id.* at ¶¶ 67–70]; and (5) Mr. Carvajal-Serna's Fifth Amendment due process rights ("Count Five"), [*id.* at ¶¶ 71–74]. Mr. Carvajal-Serna asks this Court to, among other things, issue a writ of habeas corpus requiring Respondents to release him immediately or, alternatively, provide him a bond hearing within seven days. [*Id.* at 19]. He also asks for "attorney's fees and costs under the Equal Access to Justice Act." [*Id.*].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, *see* [Doc. 8 at 3], and the Court finds that no hearing is necessary, *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

Mr. Carvajal-Serna's claims primarily turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to the claims asserted in this case.

**I.      Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen

3

(emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme."  *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing."  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum."  *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution").  Respondents do not argue that Mr. Carvajal-Serna is detained pursuant to § 1225(b)(1), *see* [Doc. 7], so the Court does not substantively address detention under this subsection.

## II.      Application to Petitioner's Claims

The Court's analysis begins with Claim Two, the statutory claim.  Respondents argue that § 1225(b)(2)(A) applies and requires Petitioner's detention, so he is not entitled to a bond hearing.  *See* [Doc. 7].  This Court, following the clear weight of persuasive authority, has already rejected Respondents' position.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *2–7 (D. Colo. Oct. 22, 2025) (interpreting the relevant provisions of §§ 1225 and 1226); *see also id.* at *5 ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[2]  In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE.  *See id.* at *1.  Like Mr. Carvajal-Serna, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it claimed that § 1225 mandated his detention.  *See id*.  This Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country.  *Id.* at *6.  "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States."  *Id.*  Thus,

---

[2] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Mr. Carvajal-Serna, who have been present in the country for some time and are not actively "seeking admission."  *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ---, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martinez, J.).

noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A).  *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)).

The Court also explained that interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous.  *Id.* at *7.  The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225.  *See id.* at *5–8.  The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases.  *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).[3]

Respondents acknowledge the issue presented in this case "is not materially different" than *Loa Cabellero*, *see* [Doc. 7 at 1–2],[4] and provide no persuasive reason for

---

[3] As Respondents acknowledge, *see* [Doc. 7 at 3], the Fifth Circuit's recent opinion in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) does not compel this Court to a contrary outcome.  As an initial matter, this Court is not bound by a decision by the Fifth Circuit, and neither the Supreme Court nor the Tenth Circuit have opined on the issue. *See*, *e.g., United States v. Rhodes,* 834 F. App'x 457, 462 (10th Cir. 2020) (observing that "district courts in this circuit are bound by our decisions and those of the United States Supreme Court"); *Singh v. Baltazar*, --- F. Supp. 3d ---, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026) (noting that courts in the District of Colorado are not bound by *Buenrostro-Mendez*; pointing to the fact that another Circuit Court of Appeal and "the overwhelming number of district court[s]" "have rejected the reasoning upon which the *Buenrostro-Mendez* majority relied"; disagreeing with the *Buenrostro-Mendez* majority's conclusion that there is "no material disjunction . . . between the concept of 'applying' for something and 'seeking' something"; and declining to adopt the *Buenrostro-Mendez* majority's interpretation of the relevant statutory provisions as containing redundancies).

[4] "[T]o expedite disposition of this case," Respondents attached to their response, "rel[ied] upon, and incorporate[d] by reference . . . the legal arguments Respondents presented

the Court to depart from the conclusion it reached in that case. Nor has the Tenth Circuit yet addressed the issue, as Respondents recognize. *See* [*id.* at 3]. And although Respondents preserve their arguments to the contrary, they concede that the Court's ruling in *Loa Caballero* will "lead the Court to reach the same result here." *See* [*id.* at 3].

Consistent with the Court's prior rulings and the weight of authority in this District, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Mr. Carvajal-Serna. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. And because Respondents have failed to provide Mr. Carvajal-Serna with a bond hearing or any other individualized custody determination, his continued detention violates § 1226(a).

Furthermore, having determined that § 1226(a) governs Petitioner's detention, the Court concludes that his detention without a bond hearing violates his due process rights, as alleged by Mr. Carvajal-Serna in Count Five.[5] Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under [§ 1226(a)]." *Lopez-Campos*, 797 F. Supp. 3d at 785. And as explained above, that process is an individualized bond determination. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized

---

on this issue in *Mendoza Gutierrez v. Baltazar*, Civil Action No. 25-cv-02720-RMR, ECF No. 26 at 10-19." [Doc. 7 at 3]. The Court is not persuaded by this briefing for the same reasons as explained in this Order.

[5] Respondents do not address Mr. Carvajal-Serna's allegations of due process violations and do not dispute that noncitizens detained under § 1226(a) are entitled to an individualized custody determination. *See* [Doc. 7].

bond determination.").  The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights.  *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85; *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ---, 2026 WL 100587, at *6–7 (D. Colo. Jan. 14, 2026).[6]

## III.    Appropriate Remedy

Mr. Carvajal-Serna asks the Court to order Respondents to either release him immediately or provide a bond hearing within seven days.  [Doc. 1 at 19; Doc. 8 at 3].  But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond."  *Nava Hernandez*, 2025 WL 2996643, at *8.  This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a).  *See, e.g.*, *Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga*, 2026 WL 35227, at *4.  As in those cases, the Court finds that an immigration judge is better suited than this Court to conduct the hearing and consider whether Mr. Carvajal-Serna poses a flight risk or danger to the community.

Mr. Carvajal-Serna also requests that at the bond hearing, "Respondents be required to bear the burden of proof to justify Petitioner's continued detention."  [Doc. 8 at 3].  But Mr. Carvajal-Serna does not raise any substantive arguments in support of that request in either his Petition or his reply.  *See* [*id.*; Doc. 1].  Respondents do not address the applicable burden at all.  *See* [Doc. 7].  The Court declines to undertake a sua sponte

---

[6] Because the Court grants Mr. Carvajal-Serna relief under § 1226(a), it declines to address his arguments in Counts One, Three, and Four, i.e. that he is entitled to relief as a class member under *Bautista*, a case out of the Central District of California; pursuant to the INA Bond Regulations; or under the Administrative Procedures Act.

analysis of this issue without developed arguments from the Parties. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself.").

Instead, the Court continues to concur with other cases in this District that have required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025) (this Court taking the same approach in absence of substantive briefing on burden-shifting issue); *see also, e.g.*, *Garcia Abanil*, 2026 WL 100587, at *8 ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to shift burden to the Government in a similar case).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **March 30, 2026**. At this hearing, the Government shall bear the burden of justifying Mr. Carvajal-Serna's continued detention. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.** On or before **April 6, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

**IV.    Attorney's Costs and Fees under the EAJA**

Finally, Mr. Carvajal-Serna requests that the Court award attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). [Doc. 1 at 19]. The Tenth Circuit recently held that the EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). Should Mr. Carvajal-Serna believe he has a good faith basis to seek attorney's fees pursuant to the EAJA, he may file a petition in accordance with the deadlines and requirements set by the EAJA, 28 U.S.C. § 2412(d)(1)(A)–(B), and compliant with this District's Local Rules for Civil Practice.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part** and **DENIED in part** as set forth herein;

(2)    Respondents shall provide Petitioner a bond hearing no later than **March 30, 2026**, at which the Government will bear the burden of justifying Petitioner's continued detention. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(3)    On or before **April 6, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  March 23, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge